## THE EDWARD P. MESECK.

### RED STAR TOWING & TRANSPORTATION CO. v. MESECK TOWING & TRANS- PORTATION CO.

Circuit Court of Appeals, Second Circuit. November 4, 1929.

No. 18.

Thomas H. Middleton and Single & Single, all of New York City, for appellant.

W. J. Martin, Foley & Martin, and Edward E. Elder, all of New York City, for appellee.

Before L. HAND, SWAN, and MACK, Circuit Judges.

PER CURIAM. This case presents merely a question of fact, and that, too, in a case involving very small damage. Had the learned District Judge seen his way to deliver an opinion either orally or in writing, it would have been possible to know what were his findings, whom he believed, and what he thought the probabilities. It is quite possible that this might have satisfied the libelant of the futility of an appeal; at least, it would have enabled us to dispose of that taken with much greater ease. We, who have not seen the witnesses, are at much disadvantage in dealing with the record; we are deprived of those conclusions on which we so much rely in cases of this sort. It scarcely seems to us fitting that we should affirm the decree, without the libelant's being advised that at some stage in the suit his arguments have been understood, and that an endeavor has been made to deal with them. For this reason, we have felt obliged to write an opinion, which would hardly have been necessary, had the case been discussed below.

The only faults charged against the Meseck are that her crew was careless, her lookout defective, that she backed without signaling, and failed to check her sternway. The case was tried upon the theory that, having passed around the corner of the pier and being off its end, she stopped and backed into the course of the oncoming Flushing, the libelant's tug. This the Meseck disputed, asserting that she came around the pier, drifting under her own way, with her propeller still. At no time did she back, and the Flushing, which was coming on with great speed, miscalculated her drift and collided with her. ██ There is nothing in the record which satisfies us that the Flushing's story is to be preferred. Indeed, there is perhaps a balance of probability against it. The argument based upon the character of the Flushing's injuries does not seem to us controlling. All we know is that she struck beyond the bluff of her bow on the starboard side; this does not prove that she was not the only boat with any substantial motion. There is the usual argument based upon the estimates of time given by the witnesses; but these are notoriously unreliable, and we cannot accept them as evidence at all. Were we to guess, we

should incline to favor the Meseck, but all we need say is that the Flushing has not proved her case.

It is quite possible that the Meseck was also at fault for coming around the pier end into the course of the Flushing; but the case was not tried on any such theory, and the libelant must be content with the position it has put forward.

Decree affirmed.